in our third case number 134296 United States versus Howard. Good morning. Good morning and thank you. My name is Robert Cooper and I represent Dennis Howard. The issue before us this morning the court asked us to brief on is whether or not the district court erred in departing under guideline for a 1.3 from an advisory guideline range of 120 months of imprisonment to a range of 360 months to life and then sentencing Mr. Howard to life imprisonment. Your Honor, Mr. Howard was tried on 11 account indictment, 10 of the counts related to possession with intent to distribute distribution of amounts of PCP and one count of possession of a firearm in connection with drug trafficking crime. His PSR was evaluated. His sentencing range was determined to be 120 to 121 months and Judge Dever and reviewing Mr. Howard's prior criminal history determined that the criminal history category underrepresented the seriousness of Mr. Howard's prior criminal past and departed upward. Based on Judge Dever's review of Mr. Howard's prior criminal history which included four prior drug convictions and one prior manslaughter convictions, Judge Dever concluded that Mr. Howard met the definition of a de facto career offender and in conjunction with the 924c conviction determined that the appropriate guideline range would then become 420 months to life and in reviewing the arguments of counsel the court's review of Mr. Howard's criminal history imposed a life sentence on the conspiracy count and 360 months on the nine substantive drug counts and a consecutive on the gun count. At the time of the trial Mr. Howard was on supervised release for prior federal conviction for which he had been released from custody in 2008. As a result of his conviction on the PCP cases probation office moved for revocation that was deferred until the completion of the PCP trial and entry of sentence and at the entry of the sentence on the PCP case Judge Dever revoked supervised release and imposed an additional sentence of 60 months for the supervised release violation. Was it consecutive to the life sentence? I don't want to speak off the top. Okay. Okay. Mr. Cooper could Judge Dever have imposed consecutive sentences on the substantive counts the PCP counts and arrived at a de facto life sentence in this case or is that barred by the guidelines? I don't know the answer to that your He did go through a similar review on the substantive counts and increased them to the to the statutory maximum for each of those counts. Right but he but he ran those concurrent with the. He did. And my my question is if in fact he could have imposed consecutive sentences on each of those counts that would have been a de facto life sentence in this case. Well your it would have been but even even with the sentence that we have or well the sense we have his life had he gone to de facto career offender status and gone with the 420 months the low end of the guideline range at that point given Mr. Howard's age of 41 at the time of sentencing 35 years um it'd been pretty close to a life sentence if if he had received that but your honors I go back to the gall court and the cash court and every court that has decided the issue of upward departures and even if there is an appropriate case that allows for an upward departure and I'm not going to concede this is because I think if you look at Mr. Howard's history and background a good argument can be made that it's not uh the upward departure must be reasonable under the totality of the circumstances but we presume reasonableness right well we give due deference to the district court well I mean it's a little bit more than deference we presume reason it's not I I grant you there's got to be a case that that overcomes the presumption at the question is is this that case well I think it is I think to go from 120 months to life it is if you look at stated purpose of the sentencing guidelines to impose a sentence which is sufficient but not greater than necessary to fulfill the purposes of sentencing I think this is a case where you can find a sentence short of life which would accomplish the purposes of the sentencing guidelines did you concede just now that there was a presumption of reasonableness in this case no no your honor I did not okay I I think I misheard you no no I what I am saying is this is a case where we overcome the presumption of reasonableness well wait a minute if there is you think you have to overcome it then you seem to be conceding that I don't there's a presumption of reasonableness I don't think there is a presumption of reason is there ever a presumption of reasonableness no in a in a guideline sentence arrived that through an upward departure no your honor well but doesn't that go to the question that judge Diaz asked you whether this could have all been within a guideline sentence by stacking them by making these sentences consecutive isn't that what you were getting a question yeah that's what I got from it and I would have to go to the grouping but I think under the rules of grouping you still have to go above and beyond and I think even if court were to do that I don't think that that would be a reasonable sentence the district court didn't do that I think that's your first answer well I guess he assumed he didn't have to since he got to where he wanted to be otherwise right due deference as as judge Diaz and I think correct I think judge Davis is right because we're dealing with a departure there's no presumption but I mean we still owe a substantial amount of deference to the judge who's there who and he and he did say that although he's I mean he did say that in fact this case was reflective of the worst of the worst offenders and judge Devers been around for a while and he has some presumably some basis to judge that by but I ask is it I mean let's look at mr. Howard's prior record yes he had three three or four prior drug convictions the first one was conviction that stands out in my mind and perhaps the judge Dever was the manslaughter conviction that was initially a murder charge produced the manslaughter that's not an insignificant offense it's not an insignificant offense and it's not this is not the manslaughter conviction or death that's been involved has been used to raise a sentence or consider raising a sentence but in that and none of the sentences that that I have reviewed were the was the the end result of life sentence so I don't know that that in and of itself and if you go back and you look at the conviction yes he played guilty but the facts that were given is that he and somebody else were involved in the death it doesn't say who caused the death and we don't know the facts and circumstance but we can't sentence he got he got six years sentence on the me right so we're killing someone he got six years and for these drug offenses he got life right and I would I would go to indicate the manslaughter conviction could easily be reflective of the minimum or minor role that he may have played in that conviction and I think that that's something that more facts should have been determined if it were going to use to give somebody a life sentence and he was 18 years and 21 days old or something like that right and you got to look at his his historical background I mean the PSR says he had a rough childhood a rough childhood consisted of his brother getting shot execution style his other brother being in prison he growing up in a neighborhood that was surrounded by violence and open drug market so given his background given his life experience you know rights right wrong wrong I can see that but his right and his wrong at the age of 18 could be well what if we should buy your argument that this sentence was substantially substantively unreasonable then what do we do we send it back down to be resentenced uh-huh and yes judge Dever can go through another analysis you think it should go back to the same judge if we if we get give me what your argument and send it back given his commentary I would ask that it not go but you haven't until this moment right general practice that's the rules of court yes I'm I beg your pardon I said that's general practice I understand that's the rules it goes back to the trial court yes well you can request it not well I would request it but usually we do that in writing prior to a real argument but you would acknowledge that the disk on rebate does get it the best you get is a remand on those grounds and the district court then makes its determination goes through the facts does whatever it does could come up with the same sentence he could yes I reserve the balance of my time thank you thank you good morning good morning my name is Yvonne Watford McKinney excuse me that in this case judge Dever took a look at all of the evidence at the trial he took a serious look at the defendant's criminal history and he made a determination that the criminal history category was inadequate it did not represent the defendant's serious criminal history or the likelihood of recidivism in this case and based upon that he took another look at the career offender statute the fact that the defendant had ten prior convictions five for felonies that were unscored the fact that they were for serious drug offenses and the voluntary manslaughter and he also looked took a look at the Myers case and he believed that this defendant was what he called a classic career offender miss Watford McKinney I'm so pleased to see you here this morning but I I'd have to confess I was hoping your colleague would be here to do this I don't envy I don't envy assistant US attorneys ever you you have a lot you have a hard job but you especially have a hard job in a case like this for all the hard work your office does to keep the people of North of bricks we took it very seriously I can see you go in to a sentencing asking for a reasonable departure upward and and your colleague and the defense attorney walk out of the courtroom with the judge having given this guy life imprisonment I'm sure everybody was speechless except the judge and now you're here to try to defend that well no easy task well your honor what I'm here to do is to suggest to the court that procedurally the judge went step by step and there was no objection and there's no problem there substantively however I do understand of the court's feelings about this and this is a very serious matter we understand that and I do understand what the assistant US attorney who prosecuted this case asked the court for a an upward departure to 140 to 175 and then said well you know what just 360 would be good too that's she did say that but your honor she didn't request life but she did not request life and she asked the question suggested that the defendant was a career offender but she did not do the calculations and once the court did the calculations and did the calculations correctly she acknowledged that the life guideline range and she did suggest the court or say to the court that she agreed with the court's calculations I don't think she had any choice but to agree with the court's calculation calculation but I appreciate your emphasis on the calculation exactly I appreciate your emphasis on procedural reasonableness but of course we're here on substantive reason that is correct and what the court did your honor was taking into account the totality of the circumstances the court made findings related to this defendant that it believed justified a sentence of life imprisonment now I understand that the court is due deference in that regard and I understand that this court may disagree with and likely does disagree with that sentence well if we simply disagree that's not going to be good enough we have to find some reason basis for why the judge was completely out of bound precisely and I think on this record the court you answer the question that I asked mr. Cooper of what the judge in this case have been able to stack these convictions and simply impose consecutive sentences down for the counts two through ten you're right I don't know whether the court would have been able to stack them what I do know is that the court did not stack them the only sentence that able to because of the guidelines because the guideline range the court well you can't do it or you don't know I don't know whether the court could stack those substantive counts what I do know is that they did what is the rationale why why couldn't the court well it wouldn't have made any difference the court sentenced him to life imprisonment well but if he had sentenced him to a term of counts it would have effectively been a life sentence well that's that that is correct and and these are distinct offenses so that's that's why she's asking so is it because of the grouping things in the guidelines that you don't think it's possible that he couldn't have done this I I think because of the grouping yes I think that is true that could not that he could not have stacked them under grouping the guideline range effectively would have been the same it still would have had to have done this career offender would have had to go to no career offender and then that's correct yeah he would have had to go through the career offender analysis to get to where where he got or some analysis some analysis but he went very carefully through the career offender to under the 3553 a sentencing factors was that it was a serious offense that the defendants criminal history was what this court called robust that the defendant had gotten breaks in the past that he had served significant time in prison had never changed believed he would never change said that he was 100 percent of recidivist and said that his his offense was one of greed went through he went through the 3553 a sentencing factors and where this court came out was that this defendant was deserving of a life sentence if we disagree and send this case back what's your position on whether or not it should go back in front of Judge Debra I think it should go back to just ever and the reason I say that is because this court has sent cases back to just ever before well we should back to almost everybody you have to be newly appointed not to get something back to you I can't so I don't know what that means well what I mean is I can think of the Baker case your honor and in the Baker case the judge sentenced miss Baker to 360 years imprisonment and this court suggests well the court's decision in remaining the case was on a procedural errors but the court did note that just ever imposed an alternative variant sentence as he did in this case and said that if he made procedural errors he would do the same thing again under 3553 a this court said noted that the court had imposed the alternative sentence and suggested that the court might want to take another look at that because in that case this court compared miss Baker's culpability with that of her co-defendants and said that the culpability level was equal although miss Baker sentence was much higher so that's why I say this court has sent the case back to just ever before and I compare this case to the Myers case which ended up with a 360 month sentence and say that this is just completely out of bounds but in the Myers case your honor no firearm was involved as it was in this case in addition in the Myers case there was there was one I think sentence that was stale which led to the career of de facto career offender one conviction one conviction that was stale and Mr. Myers guidelines with 360 to life in this case our defendants guidelines before 20 to life and for the reasons that have already stated just ever believe that a life sentence was sufficient and not greater than necessary to achieve the purposes of sentencing I'd be glad to answer any other questions the court might have you don't suggest he was some kind of kingpin right no what was was there any property or cash or other valuable assets seized in connection with this prosecution no your honor there were not there were 546 grams of PCP but this court did find and I believe stated in his reasons that PCP had been injured or at least the PSR stated that PCP had been introduced to Wilson to the city of Wilson by this defendant and a person with whom he was supplied PCP and on occasion supplied PCP to this other individual and before that you see you saying he part of the evil that he represents is that he was the one he was the entrepreneur who introduced this particular narcotic to this community that's correct run it to a very large degree and the court didn't make a ton of money he wasn't living high on the hog I don't know your honor how much money he made well they executed a search warrant they didn't seize any cash they didn't seize any cars they there's no forfeiture that that is true but I can't say how much money this this man made I have no idea about that but I do know that judge Dever in his reasons did indicate that it was his desire that the people in Wilson who were selling drugs would take heed that if they sell drugs as this man did that they were subject to receiving the same kind of punishment in a federal prosecution so the court did take his position as a PCP dealer in Wilson into account among many other reasons that the court stated if there are no other question that faces a sentence in court to impose a sentence that is sufficient but not greater than necessary to accomplish the purposes of sentencing and in this case had mr. Howard received guideline sentence of 120 months tacked on another 60 months for the gun that would have been 180 months that would have been additional 15 years and we know that mr. Howard learned from his because the ADA the a USA that prosecuted the case as well as noted for the court during argument that mr. Howard had come out of prison and changed his drug of dealing from crack to PCP because penalties were lower imagine mr. Howard going to prison we would contend given another 15 years he age does something to people I don't follow your argument my argument would have received an additional 15 years he his sentence wouldn't have been cut we know that when he went to prison before he learned at least not to deal the drugs that he was dealing the first time our contention would be that the additional 15 years he will have learned he can't deal drugs at all or maybe he could just deal marijuana I mean you know has a different drug of choice it's a different drug of choice and considering with all due respect to your honors what's going on nationally nationwide I'm not sure the status of marijuana in 15 years but no I'm not going to concede that that he would be dealing marijuana if you the point being is the sentence the guidelines called for would have been an appropriate sentence to fulfill the purposes of 35 53 a I don't want you to go outside the record and and of course don't answer this but what was the plea offer in this case I did not represent mr. Howard I know but you must have talked to lawyers before you took I took on the appeal okay never mind never mind never mind but you don't you don't have any reason to think do you that I'll be perfectly forthright that you don't have any reason to think that this was punishment for going to trial do you and if you'd rather not answer that I'd rather not answer that don't answer don't answer don't answer I just I just would close with the fact that judge never could have given a sentence less than what he gave that would have fulfilled the reasonable minds can differ reasonably but at some point it becomes an abuse of discretion and I would contend that a life sentence in this case amounts to a life of abuse of discretion and accordingly the Senate should be remanded to be recomputed thank you thank you we will go down and greet the lawyers and then go directly to the next
judges: Diana Gribbon Motz, Albert Diaz, Andre M. Davis